ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON S. MURPHY, ) | |
| ) | CASE NO. 5:04CV2515 |
| Petitioner, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| JULIUS WILSON, WARDEN, ) | MEMORANDUM OPINION & ORDER |
| ) | [Resolving Doc.16] |
| Respondent. ) | |
| ) | |

This matter comes before the Court on Petitioner Jason S. Murphy's Objections to the Report and Recommendation (the "Report") that was issued by Magistrate Judge James S. Gallas on his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court is required to review de novo the portion of the Magistrate Judge's Report to which a specific objection was made.

A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing a general objection is akin to filing no objection at all. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999). An objection must "be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious." *Id.* at 509.  The purpose of requiring specific objections is to focus the attention of the district court and thereby preserve judicial resources in accordance with the underlying policies of the Magistrate Act. *Id.*

Here, Petitioner has made certain vague objections which do little more than repeat the complaints he made to the Magistrate Judge.  These objections, therefore, duplicate "[t]he functions of the district court . . . as both magistrate and the district court perform identical

tasks." Id. Notwithstanding the objections that are general in nature, the Court will consider those that it can distill from Petitioner's brief.

Petitioner's first objection is that the Magistrate Judge erred in not finding that Petitioner was denied Due Process under the 14th Amendment. Relying on the district court case of *Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003), Petitioner claims that both the trial court and his counsel violated his constitutional rights by failing to advise him of his right to appeal. Petitioner attempts to focus the Court's attention on specific language in *Wolfe* that states that "a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *Id.* at 748. The Magistrate Judge, looking past the district court's decision in *Wolfe* and focusing on Supreme Court precedent, noted that a defendant must establish that he was actually unaware of the omitted advice or would not have pleaded guilty if he had been properly advised by the trial court. In particular, the Magistrate Judge focused on the Supreme Court's decision in *Peguero v. U.S.*, 526 U.S. 23, 24 (1999) where the Court explicitly held that "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission."

Trying to get around the issue of prejudice, Petitioner repeatedly cites the language from *Wolfe* and argues that he should have been informed of the procedures for perfecting an appeal, the time limits involved in same, and that he had the right to the assistance of appointed counsel. He also argues that prejudice was implicit because when told by the district judge that if he took the plea that he would have "essentially, no appeal rights" he merely answered "yes." According to Petitioner, he would have answered "yes" to anything the court told him and that this is evidence of his ignorance and the resulting prejudice he suffered.

Notwithstanding that *Wolfe* itself is not binding on this Court, the petitioner in *Wolfe* was

2

completely unaware that he had the right to appeal. In other words, there was no evidence that he knew about his appellate rights. *Wolfe*, 267 F.Supp.2d 743. Here, however, there is evidence that Petitioner knew he had appellate rights because the trial court explicitly told him that if he accepted the plea he would be giving up those rights. The fact that the court did not advise Petitioner as to the particulars of the appeal, as the Magistrate Judge correctly notes, is not evidence in and of itself that Petitioner suffered prejudice.

Petitioner's second objection deals with the fact that his counsel represented both his brother and his girlfriend. The objection, however is general in nature and does not focus on exactly how Petitioner thinks the Magistrate Judge erred in his recommendation. According to the Magistrate Judge, Petitioner's reliance on *Holloway v. Arkansas*, 435 U.S. 475 (1978) is misplaced and does not require automatic reversal because Petitioner never claimed that he lodged an objection to the trial court over the multiple representation. Absent such an objection, the Magistrate Judge found that Petitioner must show that an actual conflict of interest adversely affected his counsel's performance. *See generally Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). This Court agrees. Joint representation is not a *per se* violation of the constitutional requirement of effective assistance of counsel. *Holloway*, 435 U.S. at 483. Moreover, Petitioner's bare assertion that he did object to the joint representation in the trial court, which was seemingly made only after the Magistrate Judge noted that he did not claim to have lodged an objection, is not enough to persuade this Court that he did, in fact, make such an objection.

Petitioner's third objection is to the Magistrate Judge's application of *Woods v. Telb*, 733 N.E.2d 1103 (Ohio 2000) to Petitioner's argument that the trial court violated the separation of powers doctrine in imposing his post-release control sanction. According to Petitioner, the Magistrate Judge's reliance on *Telb* is "patently misplaced" because the Ohio Supreme Court recently held that Ohio Adult Parole Authority has no judicial powers and cannot impose any

3

portion of post-release control. However, Petitioner provides no citation for the case to which he cites – stating only that the name is *State v. Hernandez* and that it was decided in January 2006 – and the Court is unable to locate same. Therefore, the Court reviewed *Telb* and finds both *Telb* and the Magistrate's application of that case to Petitioner's separation of powers argument sound.

Petitioner's fourth and fifth discernable objections are to the Magistrate Judge's finding that there was no violation of Petitioner's rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), and to the Magistrate Judge's finding that the alleged police beating Petitioner suffered after his arrest is not a cognizable habeas corpus claim. The Court has considered these objections to the Report and, after having conducted a de novo review of those objections, agrees with the Magistrate Judge and finds that no further articulation of the Court's reasoning is necessary. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

For the reasons set forth herein, this Court ADOPTS the Report of the Magistrate Judge in its entirety. Murphy is barred from seeking federal review as a result of 28 U.S.C. § 2244 (d)(1)(A) and his petition is DISMISSED.

IT IS SO ORDERED.

| | |
|---|---|
|   March 31, 2006 |   *s/John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |

4